**BOND AND ANOTHER v. JAY.**

Feb. 20th.

*Absent....*TODD, *J.*

The exception, in the Maryland statute of limitations, in favor of "such accounts as concerns the trade or merchandize between merchant & merchant, their factors and servants, which are not residents within this province," applies to dealings between a merchant creditor residing out of Maryland and a debtor residing in Maryland. And in order to take the case out of the exception, it is not sufficient to aver that the creditor returned to, came, and was within the state of Maryland after the cause of action accrued, and more than 3 years before bringing the suit.

ERROR to the Circuit Court for the district of Maryland in an action of assumpsit brought by Bond and Brooks against Jay, surviving partner of Samuel Jay and Gabriel Christie, trading under the firm of Samuel Jay and Company, upon an account for merchandize sold and delivered. The Defendant, Jay, pleaded the statute of limitations of Maryland, 1715, *ch.* 23, which limits actions of assumpsit to three years after the cause of action shall have accrued.

To this plea the Plaintiffs replied " that at the time " when the several sums of money in the declaration " mentioned grew due, viz. on the 20th of March, 1799 " and long before, to wit, on the 27th of November, 1797, " and from thence until the said 20th of March, and from " the said last mentioned day until the suing forth the ori- " ginal writ in this suit, the Plaintiffs were merchants, " carrying on trade and merchandize under the name " and firm of Bond and Brooks, and residing and car- " rying on trade without the limits of the district afore- " said, and of the state of Maryland, viz. at Philadel- " phia, in the state of Pennsylvania; and that at the " several times aforesaid the said Jay and Christie " were merchants, trading under the firm of Samuel " Jay and Company, and residing and carrying on " trade at and within the district aforesaid, and that on " the said several days, and on sundry days from the " first of those days to the second of those days the " Plaintiffs were engaged in mutual trade and merchan- " dize with the said Jay and Christie, by reason of " which trade, and of and concerning the same, the " said several sums of money in the declaration men- " tioned grew due to the Plaintiffs, and this they are " ready to verify; wherefore," &c.

To this replication the Defendant *rejoined*, that the Plaintiffs ought not to have and maintain their said action by reason of any thing alleged in their replication aforesaid; because, protesting, that the said several sums of money in the declaration aforesaid mentioned,

do not concern the trade and merchandize between merchant and merchant; and also protesting that the Plaintiffs have not continued to reside without the state of Maryland and district aforesaid since the contracting and growing due of the said several sums of money, and until the suing out the original writ in this cause; yet, for answer to the said replication, the said Samuel Jay says that true it is that at the time of the contracting and growing due of the said several sums of money, he, the said Samuel and the said Christie, were merchants and residents within the state and district of Maryland aforesaid, and continued to reside therein until the decease of the said Christie, and the said Samuel has continued to reside therein ever since; and that the several sums of money in the declaration mentioned had become due and were payable on the 20th of March, 1799, to wit, at the district aforesaid; and that afterwards, to wit, on the 20th of May, 1799, the Plaintiffs returned to, came, and were within the state aforesaid, to wit, at the district aforesaid; and that afterwards, to wit, on the 18th day of October, 1799, the said *Joshua B. Bond* came to, and was within the said state, viz. at the district aforesaid; and that the original writ in this cause was sued forth on the 19th day of May, 1809, and not before; and so the said Samuel Jay saith that three years and more had elapsed and expired, after the return of the Plaintiffs and of the said Joshua B. Bond to, and after their being within the said state and district, and after the contracting and growing due of the said several sums of money, and before the suing out of the said original writ in this cause, viz. at the district aforesaid; and this the said Samuel is ready to verify, wherefore," &c.

To this rejoinder there was a general demurrer and joinder. The Court below overruled the demurrer, and adjudged the rejoinder to be good; whereupon judgment was rendered for the Defendant, and the Plaintiffs sued out their writ of error.

The act of assembly of Maryland, 1715, *ch.* 23, enacts, " that all actions of trespass *quare clausum fregit;* " all actions of *trespass, detinue, sur-trover,* or replevin " for taking away goods or chattels, all actions of account, contract, debt, book, or upon the case, *other*

*" than such accounts as concerns the trade or merchandize " between merchant and merchant, their factors and ser- " vants,* WHICH ARE NOT RESIDENTS WITHIN THIS " PROVINCE, all actions of debt for lending," &c. &c. " shall be commenced or sued within the time and limi- " tation hereafter expressed, and not after," &c.

The third section contains a clause saving to persons within the age of 21 years, *feme covert, non compos mentis, imprisoned,* or *beyond seas,* the right of suing within the respective times limited after the removal of their several disabilities.

The cause was argued by HARPER for the Plaintiffs in error, and PINKNEY, *Attorney General,* for the Defendant in error.

*February 22d....*MARSHALL, *Ch. J.* delivered the opinion of the Court as follows:

This suit was brought by the Plaintiff, a merchant of Pennsylvania, against the Defendant, a merchant of Maryland, upon an account which grew out of their trade with each other as merchants. The Defendant pleaded the statute of limitations, to which the Plaintiff replied that the Plaintiff, who resided in the state of Pennsylvania, and the Defendant were employed in mutual trade and merchandize, of and concerning which the said several sums of money in the said declaration mentioned grew due. The Defendant rejoins that the Plaintiff came within the state of Maryland in 1797, and that the original writ in this cause issued on the 5th of July, 1808, and not before. The Plaintiff demurred, and upon argument the demurrer was overruled and the bar adjudged to be good.

A writ of error has been sued out to the judgment of the Circuit Court, and the questions in the cause are,

1. Is the replication good in itself?

2. Does the rejoiner avoid the replication and sustain the plea:

These questions depend on the act of limitations passed in 1715 by the legislature of Maryland. The

material part of that act is in these words: " Be it en-
" acted, That all actions, &c. other than such accounts
" as concerns the trade of merchandize between mer-
" chant and merchant, their factors and servants *which*
" *are not residents within this province*," &c. " shall be
" commenced or sued within three years ensuing the
" cause of such action, and not after."

BOND
*v.*
JAY.

By the Plaintiffs it is contended, that if either party
reside without the province the case is within the ex-
ception :—by the Defendant, that to bring the case with-
in the exception both parties must reside without the
province.

It is so unusual for a legislature to employ itself in
framing rules which are to operate only on contracts
made without their jurisdiction, between persons re-
siding without their jurisdiction, that Courts can never
be justified in putting such a construction on their
words if they admit of any other interpretation which
is rational and not too much strained.

This, it is thought, may be done in the case now to
be decided. The words " which are not residents" re-
fer, it is said, to both parties, Plaintiff and Defendant.
They comprehend all the persons previously enumera-
ted. Let this be conceded.

Then read the exception as if the word " both" or
" all" were inserted. It will stand thus: " other than
such accounts as concerns the trade or merchandize be-
tween merchant and merchant, their factors and ser-
vants which are not *both* or *all* residents within this
province." The plain meaning of the sentence so read
would be that accounts between merchant and merchant
either of whom resided out of the province would come
within the exception. It is admitted that without the
word " both" or " all," the more obvious meaning of
the sentence is that for which the Defendant contends.
Yet it will bear the same construction without, as with
either of those words; and the subject-matter of the law
so clearly requires this interpretation that the Court
thinks it may be made.

The rejoinder is founded on the third section of the

act which contains the usual exceptions in favor of infants, &c. and allows three years after the removal of the impediment to bring their suit.

It is contended that since the act of limitations runs against a person beyond sea from the time of his coming into the country, so from analogy it ought to run against a non-resident merchant from the time of his coming, though for a mere temporary purpose, within the country.

The Court cannot assent to the correctness of this reasoning. To render it applicable, the rejoinder ought to have averred that the Plaintiff had become a resident of the state of Maryland more than three years before the institution of the suit. Not having done so, the words of the exception have never ceased to be applicable to the Plaintiff; and, consequently, the statute has never commenced to run.

It is the opinion of this Court that the Circuit Court erred in overruling the demurrer of the Plaintiff to the rejoinder of the Defendant in this cause, and that the judgment be reversed and annulled, and the cause remanded with instructions to render judgment on the said demurrer in favor of the Plaintiff, and that further proceedings may be had therein according to law.

*Judgment reversed.*